Stella HARRY et al., Plaintiffs,

v.

SAFEWAY STORES, INC., a corporation,
Defendant.

Civ. A. No. 2739-60.

United States District Court
District of Columbia.

March 13, 1963.

Howard Vogel, Washington, D. C., for plaintiffs.

John P. Arness, Hogan & Hartson, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The defendant has moved for a judgment notwithstanding the verdicts for the plaintiffs, and in the alternative for a new trial, upon the grounds that the verdicts are contrary to the weight of the evidence and grossly excessive, and that the missing witness rule should not have been a part of the Court's instructions to the jury. After the consideration of written memoranda and oral argument by both parties, the Court has reached the following conclusions:

As to the claim that the verdicts are contrary to the weight of the evidence and grossly excessive, suffice it to say that there was credible evidence from which the jury could reasonably have inferred that the female plaintiff was shopping in the defendant's store when a box of cereal containers weighing approximately thirty pounds fell onto the female plaintiff's back from the top of a wagon pushed by an employee of the defendant, and that as a result the female

plaintiff suffered a ruptured disc requiring surgery, as well as continuing pain and suffering. Given these possible facts, the verdicts returned—$3,500 for the female plaintiff and $1,500 for her husband, the male plaintiff—are clearly not excessive, and are supported by substantial evidence.

As to the claim that the missing witness rule should not have been given to the jury, it should be noted that the defendant makes no objection to the content of the rule as the Court stated it in its charge:

> "If a witness is not produced who is peculiarly available to one side or the other, then the jury has a right, if it wishes to do so, and it is entirely within the jury's discretion, to draw the inference that the testimony of that witness would be unfavorable to the party that has failed to call the witness, unless the absence of the witness is sufficiently accounted for or explained.

> "No unfavorable presumption can be drawn against either the prosecution or defendant by reason of failure to call certain witnesses, where such witnesses were equally available to both sides. But availability of a witness is not to be determined from his mere physical presence at the trial or his accessibility for the service of a subpoena upon him. His availability may well depend, among other things, upon his relationship to one or the other of the parties and the nature of the testimony that he might be expected to give." [1]

The only objection is to the Court's permitting the jury to apply the rule to the defendant's employee who was pushing the cart from which the box fell and who was not called to testify.[2] With the aid of the rule, the jury was permitted to infer, if it chose to do so, that the testimony of such employee would have been unfavorable to the defendant. The defendant argues, in effect, that the employee was, as a matter of law, equally available to both sides, and that, therefore, the Court should not have permitted the jury to apply the missing witness rule to this employee's absence. The defendant put on the stand its manager, who at the time of the accident was accompanying the employee who was pushing the cart. Aside from describing his version of the incident, the manager testified that the employee who was actually pushing the cart was no longer working for the defendant, and that such employee was now living in Florida.

From this testimony, the Court concluded that the question of availability was a question of fact for the jury to determine. Whether the witness was peculiarly available to one side, or available to both sides, or available to neither side, was properly a question of fact for the jury to determine from the sworn testimony in the case and the inferences reasonably deducible therefrom. As such, the question of availability was vigorously argued to the jury by counsel for both sides. And as such, it was completely within the discretion of the jury to infer that the testimony of the witness would have been unfavorable to the defendant, or to reject such inference entirely.

The defendant has cited a number of cases, but none deals with the question at issue here: whether the availability of a witness, for purpose of the missing witness rule, is properly a question of fact for the jury to determine, where

1. See Wigmore on Evidence, 3d ed., §§ 285–288; Deaver v. St. Louis Public Service Co., 199 S.W.2d 83, 85 (Mo.App. 1947); Gallagher v. Hastings, 21 App. D.C. 88, 97–98 (1903).

2. The Court also permitted the defendant to use the missing witness rule, and the parallel rule pertaining to missing documents, in support of an argument that a friend of the plaintiffs and the complete office records of the female plaintiff's doctor were items of evidence peculiarly available to the plaintiffs, and would have been unfavorable to the plaintiffs on the issue of the extent of the female plaintiff's injuries. Thus the rule was given to the jury for the use and benefit of both sides.

there is testimony that a central witness was an employee of the defendant at the time of the incident but not at the time of trial, and where such witness resides in another jurisdiction at the time of trial. Six of the eight cases cited do not involve a jury at all,[3] and thus the question of whether availability should be submitted to a jury obviously did not arise. Of the remaining two, one held that where the witness was privileged as a spouse and thus could not have been put on the stand by either side (as was then the law), the trial court properly refused to give the missing witness rule to the jury. Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893). Obviously the Graves case stands for the proposition that where a witness is unavailable because of privilege, then such unavailability is a matter of law—but that case has no bearing on a situation where a witness could have testified if one of the parties had produced him in court. The other jury case held that where a person was not shown to have known anything about the case, the missing witness rule was not warranted merely because one party had subpoenaed the person but had failed to call him to testify. Rappaport v. Capital Traction Co., 48 App.D.C. 359 (1919). By contrast, in the case now before the Court, the former employee who might have been called as a witness was the person who should know more than anyone else how the incident occurred, since he was pushing the cart from which the box fell.

A case much closer to the present case was not cited to the Court. In Chesapeake Beach Ry. Co. v. Brez, 39 App.D.C.

58 (1912), the defendant railroad failed to call one of its employees "who was in a better position than any passenger on the cars to see what caused the injury," and the Court declared: "Producing weaker evidence when stronger might have been produced lays the defendants open to the presumption or suspicion that the stronger evidence would have been to their prejudice." 39 App.D.C. at 71. This language was cited by a later Court of Appeals for the proposition that before an inference may be drawn that a witness would testify unfavorably to the party failing to call him, "it must appear either that the witness knew something about the case, or was so positioned with respect to the thing in controversy as to be able probably to give testimony that would aid in developing the truth concerning it." Rappaport v. Capital Traction Co., 48 App.D.C. 359, 361–362 (1919). It is beyond question that in the present case, the former employee would have given testimony that would have substantially aided in developing the truth concerning the incident.

■ When a missing witness would thus substantially aid in developing the truth at the trial, and when such witness was peculiarly available to one of the parties, then the jury should be permitted to infer that such witness would have testified unfavorably to such party unless the absence of the witness is satisfactorily explained. This is a salutary rule which helps to assure the presence at the trial of all witnesses who have relevant testimony. In the present case, the jury was permitted to infer that the past employer-employee relationship made the missing witness still peculiarly available

3. Stone v. Stone, 78 U.S.App.D.C. 5, 136 F.2d 761 (1943); Flora v. Powrie, 23 App.D.C. 195 (1904); Gallagher v. Hastings, 21 App.D.C. 88 (1903); Ruete v. Elwell, 15 App.D.C. 21 (1899); Boyer v. The Merry Queen, 202 F.2d 575 (3d Cir., 1953); Shasta S.S. Co. v. Great Lakes Towing Co., 44 F.Supp. 572 (D. N.Y.1942). It is significant that in Shasta, supra, the trial court made a *finding of fact* that the absence of the witness was satisfactorily explained, 44 F.Supp. at 575, and that in Boyer, supra, the trial court's refusal to infer that a missing witness would have testified unfavorably was tested—and upheld—against the criterion of whether such refusal was clearly erroneous, 202 F.2d at 578, the criterion to test findings of fact. These cases thus support the Court's view that availability of a witness is, in some situations, a question for the trier of fact to determine as a fact.

to the defendant; that the defendant apparently knew where the witness could be reached; and that the absence of such witness had not been satisfactorily explained.

█ In any event, the Court believes that liability was so clear in this case on the basis of the testimony actually adduced at trial, that the giving of the missing witness rule was in no way prejudicial to the defendant.